159 So.2d 890 (1964)
Doyle CONNER, as Commissioner of Agriculture of the State of Florida, Appellant,
v.
Ralph W. ALDERMAN, d/b/a Ralph Alderman Fruit Company, a Citrus Fruit Dealer under Chapter 601, Florida Statutes, Appellee.
No. 3854.
District Court of Appeal of Florida. Second District.
January 22, 1964.
James W. Kynes, Jr., Atty. Gen., Joseph C. Jacobs, Asst. Atty. Gen., Tallahassee, Robert J. Bishop, Orlando, William C. Pierce, Tampa, for appellant.
*891 Dominick J. Salfi of Law Offices of J. Russell Hornsby, Orlando, for appellee.
McMULLEN, NEIL C., Associate Judge.
Appellee Alderman was a licensed citrus fruit dealer under F.S. Chapter 601, F.S.A., the Florida Citrus Code. The Commissioner of Agriculture, pursuant to F.S. § 601.70, F.S.A., sought to inspect the books and records of Alderman in his transactions with another dealer. The keeping of the records and their inspection is required and provided for in the companion sections of F.S. §§ 601.69 and 601.70, F.S.A.
Alderman, on advice of counsel, refused to permit inspection on grounds the records would incriminate him. The section involved provides for a temporary suspension of the dealer's license for such refusal until the inspection is granted. Instead of pursuing this summary remedy to inspect and determine whether there was a breach of a citrus law, the Commissioner instituted proceedings under F.S. § 601.68, F.S.A. culminating in his order revoking Alderman's license.
Upon petition of Alderman, the circuit court issued certiorari directed to the Commissioner, to review this order. After denying a Motion to Quash the writ on jurisdictional grounds, the circuit court heard the matter on the merits. At this hearing, the Commissioner contended that since F.S. § 601.68, F.S.A. authorizes the revocation for breach of any citrus law relating to dealers and since F.S. § 601.70, F.S.A. authorizes the inspection, which was refused, he could revoke the license for this violation and was not confined to suspension as a remedy. The circuit court did not accept this contention and "nullified" the order of revocation. The Commissioner's appeal from this judgment presents for our consideration the correctness of this contention.
We affirm the circuit court for the reasons hereafter stated. The answer to the problem is found in the rules of statutory construction. We are dealing with a statute providing the Commissioner with a summary remedy to aid performance of his duties. The rule in such cases is:
"Statutes providing for summary remedies have been subjected to a rule of strict construction. * * * In such case, nothing is to be presumed that is not given by the act." 50 Am.Jur. 430.
The principle that penal statutes must be strictly construed is too well settled to need citation of supporting authorities. It is stated in 23 Am.Jur. 601:
"Statutes imposing forfeitures by way of punishment are subject to the general rules governing the interpretation and construction of penal statutes."
and further at page 631 of the same volume:
"Statutes imposing penalties are subject to the rule of strict construction. They will not be construed to include anything beyond their letter even though within their spirit."
If the legislature intended the remedy here to be as the Commissioner contends, the suspension provision in 601.70 need never have been written. We are not at liberty to disregard it or assume the legislature was doing a vain act by inserting it.
Applying these rules, the Commissioner, in enforcing his right to inspect, is restricted to the remedy provided therefor in the same section of the statute providing for the inspection. The other remedy cannot be made available by implication. The lower court is correct in holding the Commissioner cannot revoke the license but must suspend it until the inspection is permitted.
Since we affirm the lower court's action, it will be necessary for the Commissioner to renew proceedings below. This renders moot the assignments of error directed to other phases of the proceedings nullified.
Suffice it to say, there was no merit to Alderman's objection to the inspection *892 on grounds of self-incrimination in the first place. It is within the proper exercise of the police power, where regulation of a vocation is in the public interest, to require the keeping of certain records and that they be made available for inspection. Such required records are not private papers and must be produced for inspection despite incriminating results to their maker. They are not protected by the privilege against self-incrimination. See Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787; Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Newman v. United States, 5 Cir., 277 F.2d 794; 58 Am.Jur. 65, Section 73, and cases there cited.
Affirmed.
KANNER, Acting C.J., and WHITE, J., concur.