QUESTIONS: 1. Is an elected public officer required under s. 111.011, F. S., to report as a contribution the total value of gifts he receives from one donor on a continuing basis during a semiannual reporting period when the value of each such gift does not exceed $25, but the total value of all such gifts does exceed $25? 2. Is an elected public officer required under s. 111.011, F. S., to report as a contribution the costs of meals furnished gratuitously by another to guests who dine with such officer at his or her invitation?
SUMMARY: The definition of the term "contribution" in s. 111.011(1)(c), F. S., does not appear to include any donation of $25 or less in value within the purview of the statute, irrespective of the number of such donations. However, to avoid any appearance of circumvention of the statute, it is suggested that an elected public officer who has received continuing donations of $25 or less make a report of same, even though such does not appear to be required by the statute. The value of meals furnished gratuitously by another to an elected public officer's guests should be reported as a contribution under s. 111.011, F. S., if such value exceeds $25. As to your first question: The contributions which are required to be reported by s. 111.011, F. S., are defined in paragraph (c) of subsection (1) of the statute to include "any gift, donation, or payment of money the value of which is in excess of $25 to any elected public officer or to any other person on his behalf." This first matter which must be resolved is whether the statute in question is subject to strict or liberal construction. The last quoted subsection of the statute specifically mandates a liberal construction, which is in accord with the general rule that remedial statutes, statutes enacted for the public benefit, and those which have reference to the policy of the state should be construed liberally. Heirs of Bryan v. Dennis, 4 Fla. 445 (1852); Becker v. Amos, 141 So. 136 (Fla. 1932); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234
(Fla. 1944). But, the statute also provides for criminal penalties as well as for removal, impeachment, or expulsion from office for failure to comply with same, and it is well settled that statutes which impose a penalty or a forfeiture are subject to strict construction. Negron v. State, 306 So.2d 104 (Fla. 1974); Nell v. State, 277 So.2d 1 (Fla. 1973); Dotty v. State, 197 So.2d 315 (4 D.C.A. Fla., 1967); Conner v. Alderman, 159 So.2d 890 (2 D.C.A. Fla., 1964). Where — as with the statute under examination — conflicting rules of construction appear to be applicable, the choice between liberal and strict construction turns on the context in which the statute is being applied. As noted by the Florida Supreme Court in Board of Public Instruction of Broward Co. v. Doran, 224 So.2d 693 (Fla. 1969), at p. 699: Statutes enacted for the public benefit should be interpreted most favorably to the public. The fact that the statute contains a penal provision does not make the entire statute penal so that it must be strictly construed. For instance, the Workmen's Compensation Act makes it a misdemeanor for an employer not to secure payment of compensation. Fla. Stat., s. 440.43 (F.S.A.). This Court has nevertheless held that the Compensation Act is to be liberally construed. Florida Game Fresh Water Fish Commission v. Driggers, 65 So.2d 723 (Fla. 1953). Accord: Mourning v. Family Publications Services, Inc., 411 U.S. 356 (1973). The Doran case, supra, is particularly applicable to the construction of the subject statute because of the similarities between the statute construed in that case and the statute about which you inquire. In Doran, supra, the court was called upon to construe the "Government in the Sunshine" law, s. 286.011, F. S., which, like s. 111.011, F. S., imposes a duty on certain public officers, contains criminal penalties, and provides for citizen enforcement. The similarity of the statutes compels the application of similar rules of construction. Accordingly, I am of the view that s. 111.011 should be liberally construed for all purposes other than when it is being interpreted in the context of a criminal proceeding under paragraph (a) of subsection (4) or in the context of a forfeiture proceeding under paragraph (b) of subsection (4). Even when liberally construed, however, I am unable to categorically state that continuing contributions of less than $25 value each must be reported under s. 111.011, F. S. The definition of the term "contribution" does not appear to include any donation of $25 or less in value within the purview of the statute, irrespective of the number of such donations. However, in order to avoid any appearance of circumvention of the statute, I would suggest that an elected public officer who has received any such continuing donations of $25 or less make a report of same, even though such does not appear to be required by the terms of the statute. Cf. AGO's 071-39 and 074-383. As to your second question: The definition of "contribution" in paragraph (c) of subsection (1) of the statute includes goods and services gratuitously provided to an elected public officer as well as "to any other person on his behalf." Accordingly, when an elected public officer takes his or her guests to dine and knows that a donor is going to pay for the meals to be consumed by such officer's guests, the officer should report as a contribution the value of the meals furnished gratuitously to his or her guests if such value exceeds $25.