MILLS, Acting Chief Judge.
Sheppard, a dentist, seeks review of a nonfinal order entered in a license revocation proceeding brought by the Board of Dentistry (Board) against him, requiring him to produce certain office records.
In July 1978, Sheppard was formally accused by the Board of violating Section 466.24(3)(d) and (e), Florida Statutes (1978). Count I alleged that he employed unlicensed personnel to perform dental services which may only be performed by a licensed dentist. Count II alleged that he employed dental auxiliaries who had not received the formal training approved by the Board, who performed auxiliary dental tasks without being under the direct supervision of a licensed dentist as required by Rule 21G-9.05 and Section 466.09, Florida Statutes (1978), and who were allowed to perform the tasks set forth in Rule 21G — 9.05 without examining the oral cavity of the patient prior to and after the performance of each task in accordance with the Rule.
After proceedings were instituted, the Board requested and the hearing officer issued a Subpoena Duces Tecum which required Sheppard to produce:
“1. Employee records showing names, addresses and duties of employees employed during 1978.
2. Records containing names and addresses of all patients receiving orthodontic services or who were seen by uncerti-fied or certified dental assistants employed by Respondent during 1978.”
Sheppard filed a Petition for Protective Order to Challenge Discovery in which he urged that the subpoena be quashed on the grounds that compliance with it would violate his right to remain silent and that the hearing officer failed to follow the precedent set in a prior administrative case. The Board filed a memorandum in opposition.
The order here under review was then issued which stated that Sheppard “must produce records required to be kept by Section 466.34 . . . together with his office records as to employees and patients” but that Sheppard “otherwise has a right to remain silent in regard to acts alleged in the accusation against him.”
The order of the hearing officer here follows the order entered on 28 September 1978 in the administrative case of Board of Dentistry v. Haas, Case No. 78-1031. Haas, a license revocation proceeding, held that a dentist could invoke the right to remain silent regarding the acts alleged in the accusation against him in a deposition discovery proceeding. The order here under review is consistent with the Haas order.
The order requires production of records required to be kept under Section 466.34, Florida Statutes (1978). This Section provides in pertinent part:
“Every duly licensed and registered dentist who uses the services of any unlicensed person for the purpose of constructing, altering, repairing, or duplicating any denture, partial denture, bridge, splint, or orthodontic or prosthetic appliance, shall be required to furnish such unlicensed person with a written work order . . .. This form shall be dated and signed by such dentist[s], and shall include the patient’s name or number with sufficient descriptive information to clearly identify the case for each separate and individual piece of work Such permanent file of work orders to be kept by such dentist or by such unlicensed person shall be open to inspection at any *631 reasonable time by the board or its duly constituted agent. . . .”
The accusation filed against Sheppard charges that he authorized the use of unlicensed personnel to perform dental services under Section 466.04. Thus, any work orders maintained pursuant to Section 466.34 are subject to discovery.
The Court stated in Conner v. Alderman, 159 So.2d 890 (Fla. 2d DCA 1964):
“Suffice it to say, there was no merit to Alderman’s objection to the inspection on grounds of self-incrimination in the first place. It is within the proper exercise of the police power, where regulation of a vocation is in the public interest, to require the keeping of certain records and that they be made available for inspection. Such required records are not private papers and must be produced for inspection despite incriminating results to their maker. They are not protected by the privilege against self-incrimination.”-
The patient office records and employee office records the order requires Sheppard to produce are private business records, privileged and protected by the Fifth Amendment in a penal proceeding such as the one before us. 21 Am.Jur.2d, Criminal Law, Section 355; 81 Am.Jur.2d, Witnesses, Section 44 and Section 458.16, Florida Statutes (1977).
The order appealed is affirmed as to paragraph 2 and that part of paragraph 1 requiring the production of records required by Section 466.34. The order is reversed as to that part of paragraph 1 requiring production of office records as to employees and patients.
ERVIN, J., and MASON, Ernest E., Associate Judge, concur.