BARKDULL, Judge.
The appellant applied for and was granted a license as an insurance agent, pursuant to the applicable statute and regulations of *451 the Insurance Department. Section 626.-748, Florida Statutes (1977) required the appellant (as the holder of an insurance agent’s license) to do the following:
“Agent’s records. — Every agent issuing or countersigning any insurance policy, as defined in s. 627.402, must maintain in his office such records of policies written or countersigned by him to enable the insuring public to obtain all necessary information, including daily reports, concerning such policies at least until the expiration date thereof.”
Section 627.402, Florida Statutes (1977), referred to, reads in part as follows:
“ ‘Policy’ defined.—
(1) ‘Policy’ means written contract of or written agreement for or effecting insurance, or the certificate thereof, by whatever name called, and includes all clauses, riders, endorsements and papers which are a part thereof.”
[[Image here]]
The appellee, as the State Insurance Commissioner, commenced certain administrative proceedings against the appellant and the matter occurred before a circuit judge, pursuant to Sections 624.307, 624.310, 624.317, 624.318, 624.321, 626.601, Florida Statutes (1977), wherein he entered an order holding that the appellant could not assert her Fifth Amendment privilege as accorded her by the Federal and State constitutions to any requirement by the appel-lee that she produce certain books and records. This appeal ensued. We affirm.
The so-called “required records doctrine” has been recognized in Florida. Conner v. Alderman, 159 So.2d 890 (Fla. 2d DCA 1964); Sheppard v. Florida State Board of Dentistry, 369 So.2d 629 (Fla. 1st DCA 1979). This is an outgrowth of the opinion of the Supreme Court of the United States in Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948). We find the trial court not to be in error in refusing to permit the appellant to assert her Fifth Amendment privileges as to those records required to be kept pursuant to the above set forth statutes. However, it may be necessary upon a demand for the production of certain documents and records for the State to sustain the position that any such documents requested come within the descriptions provided by the Legislature in the above enumerated statutes. Therefore, the trial court’s order is affirmed without prejudice to the appellant’s right to object to any demand for production as not being within the purview of said statutes, at which time it would then become incumbent upon the appellee to demonstrate that the documents sought were such as required to be kept pursuant to the statutes.
Affirmed, as modified.