528 So.2d 908 (1988)
Charles David NACH, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD of MEDICAL EXAMINERS, Appellee.
No. 86-2066.
District Court of Appeal of Florida, Second District.
April 29, 1988.
Salvatore A. Carpino of Freeman & Lopez, P.A., Tampa, for appellant.
David E. Bryant of David E. Bryant, P.A., Tampa, for appellee.
LEHAN, Judge.
A doctor has petitioned for review of an order of the Department of Professional *909 Regulation denying his petition to invalidate the Department's subpoena for patient records. We have jurisdiction pursuant to section 120.68(1), Florida Statutes (1985). We affirm the order under review.
The doctor first contends that no meaningful reasonable cause determination was shown to justify the subpoena as required by section 455.241(2), Florida Statutes (1985). We disagree. In response to the doctor's motion to quash the subpoena, the Department furnished to the doctor a document showing that the Department and the Probable Cause Panel had determined that sufficient reasonable cause existed to issue the subpoena pursuant to section 455.241(2). That document showed that the grounds for the finding of reasonable cause included revocation of the doctor's staff privileges at a particular hospital, complaints from patients and staff concerning the doctor's patient care and behavior, and a consultant's recommendation of "consultation on all patients [of the doctor] prior to spinal surgery." We conclude that there was a sufficient basis shown for the subpoena. See Kibler v. Dept. of Professional Regulation, 418 So.2d 1081, 1084 (Fla. 4th DCA 1982).
The doctor also contends that the order is invalid facially in that it does not contain findings of fact or conclusions of law as required by section 120.59(1), Florida Statutes (1985). However, that statute applies to final orders, and the record does not show that such an order was involved here. See § 120.52(10), Fla. Stat. (1985).
The doctor next contends that the subpoena is (a) overbroad in that it requests production of all medical records of twenty-four patients and is not restricted in terms of time or any particular medical procedure; and (b) that the Department should have shown that patient authorization for the release of the records could not be obtained. As to (a), the doctor has made no showing that the request is unreasonable and overly burdensome. As to (b), section 455.241(2) provides that patients' authorizations are not required, and we find no proper basis to determine otherwise.
We do not find the doctor's assertion of patient confidentiality to have merit in light of the provisions of section 455.241(2) providing that patient records obtained without patient authorization shall be used only for the purpose of the Department in disciplinary proceedings and shall otherwise be sealed and not available to the public under any statute allowing access to public records.
We do not find merit in the doctor's further contention that the subpoena violates his Fifth Amendment privilege against self-incrimination. No such privilege attaches to records which are required by statute to be kept. See Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948); Sheppard v. Florida State Board of Dentistry, 369 So.2d 629 (Fla. 1st DCA 1979); Conner v. Alderman, 159 So.2d 890 (Fla. 2d DCA 1964). A statute requiring the keeping of patient records, such as those subpoenaed in this case, has been in effect since 1979. See § 458.331(1)(n), Fla. Stat. (1985). According to a pleading filed below by the doctor, the subpoenaed records here pertain to patients treated in 1981-82, after the effective date of that statute.
The doctor last contends that the Department cannot properly subpoena these records without patient authorization because such a subpoena of records without patient authorization was not allowed by section 455.241(2) until 1985, after the creation of the subpoenaed records in this case. However, the former requirement of patient authorization in this context was for the protection of the patient, not the doctor. Therefore, the doctor lacks standing to make this contention. Cf. Shands Teaching Hospital & Clinics, Inc. v. Smith, 497 So.2d 644, 646 n. 1 (Fla. 1986).
Affirmed.
RYDER, A.C.J., and HALL, J., concur.