PER CURIAM.
We have for review a report of a referee recommending that respondent, Jack F. White, Jr., be suspended from the practice of law for a period of ten days and continuing thereafter indefinitely until he makes an appropriate disclosure of certain records relating to his trust account.
The complaint of The Florida Bar alleged that petitioner Jack White, Jr., issued two checks on his trust account which were returned to the office of the clerk of the circuit court marked “insufficient funds”; that The Florida Bar was advised of this by the clerk; that the grievance committee of the sixth judicial circuit directed an audit for cause pursuant to Florida Bar Integration Rule, article XI, Rule 11.02(4); and that petitioner refused to produce his trust account records for inspection and review by the Florida Bar auditor and refused the request of the grievance committee to produce his trust records for inspection at the committee hearing.
White moved to dismiss the complaint. The motion was based upon his invocation of Fifth Amendment and attorney-client privileges. He asserted the complaint was tantamount to penalizing him for the exercise of his constitutionally protected rights. In recommending that the motion to dismiss be denied, the referee recited that he had considered the following cases cited by The Florida Bar and White:
Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967)
Shapiro v. U.S., 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1947)
*1267 Wilson v. U.S., 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1910)
Kozerowitz v. Florida State Commission, 289 So.2d 391 (Fla. 1974)
State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla. 1973)
The referee then said:
It is recommended that the Motion to Dismiss be denied on the authority of Shapiro v. U.S.. The Supreme Court of Florida in the Integration Rule of The Florida Bar, Rule 11.02(4)(b), requires that a member of The Florida Bar in the practice of law maintain and preserve for a period of not less than six (6) years a record of transactions involving his trust account. The obvious purpose of the record maintenance requirement is to enable the Supreme Court of Florida and The Florida Bar to supervise and regulate the handling of funds and property of clients by members of The Florida Bar. The rule states that such records “. have a public aspect relating to the protection of clients and to fitness of a member of The Florida Bar to practice law.”. Compulsory compliance with a subpoena duces tecum requiring production of trust account records by a member of The Florida Bar, notwithstanding that such records may be incriminating to the attorney, does not violate the attorney’s constitutional privilege against self-incrimination mandated by the Fifth and Fourteenth Amendments to the Constitution of the United States. These conclusions and recommendations are submitted on the basis of the law as announced in Shapiro.
Due consideration has been given to the pronouncements of the Supreme Court of the United States in Spevack. It is to be noted that in Spevack the Supreme Court of the United States reversed on Certiorari. It is clear that the Fifth Amendment to the Constitution of the United States does apply to the various states of the United States through the Fourteenth Amendment. In Spevack the Court stated that it was asked to overrule Shapiro, but found it unnecessary so to do. In Spevack the petitioner had been disbarred on the theory that the privilege was applicable to the records, but that the invocation of the privilege could lead to disbarment. Mr. Justice Fortas in a concurring opinion stated “However, I agree that the required records issue is not appropriately presented here, for the reasons stated by my Brother Douglas.”. Thus, it must be concluded that Spevack did not overrule Shapiro.
The records involved in the instant case are required to be maintained by The Florida Bar and the Integration Rule. These records are deemed to be affected with a public interest, necessary to be maintained for the protection of the public as well as The Florida Bar. The privilege arising from the Fifth Amendment through the Fourteenth Amendment is not applicable thereto.
We adopt this recommendation of the referee and deny the motion to dismiss.
In his findings of fact the referee found that The Florida Bar had sustained the allegations of the complaint by clear and convincing evidence. The final report of the referee contains the following:
III RECOMMENDATION OF GUILT
The undersigned Referee hereby recommends that the Respondent, Jack F. White, Jr., be found guilty of misconduct as alleged on the basis of the Findings of Fact hereinabove set forth, which misconduct justifies disciplinary measures. Said misconduct violates The Florida Bar Integration Rule, Article XI, Rule 11.02(4)(b) and The Florida Bar Code of Professional Responsibility, D.R.1-102 (A)(6).
IV RECOMMENDATIONS OF DISCIPLINARY MEASURES
The undersigned Referee does hereby recommend that the Respondent, Jack F. White, Jr., be suspended from the practice of law as a member of The Florida Bar for a period of ten (10) days and continuing thereafter indefinitely until *1268 the said Jack F. White, Jr. shall have complied with Florida Bar Integration Rule, Art. XI, Rule 11.02(4)(b) by appropriate disclosure of the records relating to his trust account, as provided by Rule 11.10(3).
In view of the fact that the motion to dismiss presented a justiciable issue, we do not believe that we should follow the recommendation of disciplinary measures. Respondent Jack F. White, Jr., is given a period of twenty days from the date of the filing of this opinion within which to comply with Florida Bar Integration Rule, Article XI, Rule 11.02(4)(b), by appropriate disclosure of the records relating to his trust account. Upon his failure to produce these records as ordered herein, the said respondent shall be suspended for a period of ten days and continuously thereafter until he complies with this order.
Costs in the amount of $532.10 are hereby taxed against the respondent.
. It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.