417 So.2d 671 (1982)
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF PARI-MUTUEL WAGERING, State of Florida, Petitioner,
v.
Toby HYMAN, Respondent.
No. 60947.
Supreme Court of Florida.
July 15, 1982.
*672 Janice G. Scott and David M. Maloney, Staff Attys., Dept. of Business Regulation, Division of Pari-Mutuel Wagering, Tallahassee, for petitioner.
Bruce David Green of Levin & Green, Fort Lauderdale and Wolfson, Appel & Brown, Miami, for respondent.
ALDERMAN, Chief Justice.
We review the decision of the District Court of Appeal, Third District, in Hyman v. State, Department of Business Regulation, Division of Pari-Mutuel Wagering, 399 So.2d 1098 (Fla. 3d DCA 1981), which expressly and directly conflicts with G & B of Jacksonville, Inc. v. State, Department of Business Regulation, Division of Beverage, 362 So.2d 951 (Fla. 1st DCA 1978), appeal dismissed, 372 So.2d 468 (Fla. 1979). The issue to be decided is whether a violation of section 120.59(1)(a), Florida Statutes (1979),[1] which requires the rendition of a final order within 90 days after the conclusion of a hearing conducted by the agency, renders unenforceable an agency order in any proceeding in which the agency is the protagonist. The Third District held that agency orders in such cases will always be unenforceable. We disagree and quash the decision of the district court.
Toby Hyman was the owner of a thoroughbred race horse known as Classy State which won the seventh race at Calder Race Course on October 28, 1978. Approximately a year later, on October 23, 1979, Hyman received an order of the Division of Pari-Mutuel Wagering which, for the first time, informed him of its allegation that Classy State had run the race under the influence of a prohibited drug. Pursuant to its then existing Purse Redistribution Rule (7E-1.06(13), Florida Administrative Code), the Division sought to require Hyman to return the winner's purse of $5,400 to Calder. At Hyman's request, a hearing was conducted by the division director on April 23, 1980. On October 10, 1980, 170 days after the conclusion of the hearing, the director rendered a final order finding that Classy State had been drugged and ordering the refund and redistribution of the winner's purse.
The Third District found that the 170-day post-hearing delay in rendering the agency's final order violated section 120.59(1)(a) and concluded that this violation caused the order to be unenforceable. It set aside the order and directed the agency *673 to dismiss the proceedings. The Third District expressly disagreed with G & B of Jacksonville, Inc., in which the First District held that a departure from section 120.59(1) would not cause reversal unless, pursuant to section 120.68(8),[2] the delay resulted in an impairment of either the fairness of the proceedings or the correctness of the action. The Third District concluded that the issue is controlled not by section 120.68(8) but by section 120.68(9).[3]
Although section 120.59(1) says that final orders shall be rendered within 90 days, it does not specify any sanction for violation of the time requirement. Other parts of chapter 120, however, do provide sanctions or other consequences where there is a failure by either an agency or an affected party to act within the prescribed time limits. See §§ 120.53(5)(b), 120.54(11)(b), 120.545(6) and (7), 120.58(3), 120.60(2), (3), and (4). If the legislature had intended that untimely orders rendered in proceedings in which the agency is the protagonist would always be unenforceable, we believe that it would have included the necessary language in section 120.59(1) to impose such sanction as it did in other parts of chapter 120.
In view of the legislature's failure to provide a sanction for the untimely rendition of final orders, we read section 120.59(1) in conjunction with section 120.68(8). We have previously characterized this section as the harmless error rule for agency action. Peoples Bank of Indian River County v. State, Department of Banking and Finance, 395 So.2d 521 (Fla. 1981).
We conclude that the First District, in G & B of Jacksonville, Inc., correctly held that although the 90-day period prescribed by section 120.59(1) is mandatory, the consequence of its violation should be determined by section 120.68(8). Applying this section in the present case, we hold that the untimely rendition of the final order did not result in the impairment of either the fairness of the proceedings or the correctness of the action and that Hyman was not prejudiced by the delay.
We do not suggest that state agencies should be excused from following the mandates of the legislature, for there may very well be instances in which a violation of the 90-day requirement will justify reversal of agency action. See Pinellas County v. Florida Public Employees Relations Commission, 379 So.2d 985 (Fla. 2d DCA 1980), and City of Panama City v. Florida Public Employees Relations Commission, 364 So.2d 109 (Fla. 1st DCA 1978). Furthermore, because section 120.59(1) requires the rendition of final orders within 90 days, agencies could be held accountable in mandamus for any substantial delay beyond the 90-day period. See Lomelo v. Mayo, 204 So.2d 550 (Fla. 1st DCA 1967).
Because the Third District based its decision solely on a finding that the agency's final order was unenforceable, it did not consider the other points raised by Hyman. Since we reject the district court's finding that the order is unenforceable, it will be necessary upon remand for that court to consider the remaining issues.
Accordingly, the decision of the district court is quashed, and this cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[1] Section 120.59(1) provides:

(1) The final order in a proceeding which affects substantial interests shall be in writing or stated in the record and include findings of fact and conclusions of law separately stated, and it shall be rendered within 90 days:
(a) After the hearing is concluded, if conducted by the agency,
(b) After a recommended order is submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer, or
(c) After the agency has received the written and oral material it has authorized to be submitted, if there has been no hearing.
The 90-day period may be waived or extended with the consent of all parties.
[2] Section 120.68(8) provides:

The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure. Failure of any agency to comply with s. 120.53 shall be presumed to be a material error in procedure.
[3] Section 120.68(9) provides:

If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:
(a) Set aside or modify the agency action, or
(b) Remand the case to the agency for further action under a correct interpretation of the provision of law.