427 So.2d 276 (1983)
John T. BECKUM, O.D., Petitioner,
v.
STATE of Florida, DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF OPTOMETRY, Respondent.
No. AR-104.
District Court of Appeal of Florida, First District.
February 16, 1983.
Rehearing Denied March 9, 1983.
Stephen Marc Slepin, of Slepin, Slepin, Lambert & Waas, Tallahassee, for petitioner.
Joseph W. Lawrence, II, Deputy Gen. Counsel, Tallahassee, for Dept. of Professional Regulation, for respondent.
ROBERT P. SMITH, Jr., Chief Judge.
We deny Beckum's Rule 9.100 petition for review of nonfinal agency action. See § 120.68(1), Florida Statutes (1982).
Beckum's petition complains of the February 2, 1983 order of hearing officer Benton, denying in part Beckum's motion to dismiss disciplinary proceedings against him by the Department of Professional Regulation pursuant to section 455.225, Florida Statutes (1981). Beckum, a licensed optometrist, urged to the hearing officer that the complaint, referred to the Division of Administrative Hearings on a finding of probable cause by a probable cause panel of the Board of Optometry, should be dismissed for failure of the probable cause panel to record its proceedings electronically "in a manner sufficient to assure the accurate transcription of all matters so recorded," section 455.203(7). The recording machine inexplicably did not operate properly. Beckum *277 also avers a violation of section 455.221(2), providing that "no attorney employed or utilized by the department shall prosecute a matter and provide legal services to the board with respect to the same matter."
Because the panel's probable cause proceedings were imperfectly recorded, the panel reconstituted its proceedings through depositions of panel members, a process that the hearing officer accepted in lieu of a recording, reasoning that the panel at least attempted to comply with the recording requirement. But Beckum urges that the absence of an accurate recording of the original probable cause proceedings effectively deprives him of his asserted entitlement to assure that the probable cause proceedings met standards prescribed by Kibler v. Department of Professional Regulation, 418 So.2d 1081, 1084 (Fla. 4th DCA 1982):
To sustain a probable cause determination there must be some evidence considered by the panel that would reasonably indicate that the violations alleged had indeed occurred.
If the asserted errors and omissions of the probable cause panel could be considered jurisdictional in any sense, implicating its power to act at all in the premises, Beckum might argue with some merit that he should have immediate section 120.68(1) judicial review, through Rule 9.100, of the hearing officer's "preliminary, procedural, or intermediate" ruling. For in that case it might be said that "review of the final agency decision would not provide an adequate remedy" to one who, as a result of an erroneous preliminary ruling, must now undergo disciplinary proceedings with all they entail in loss of time, expense, and damage to professional reputation. But as these asserted irregularities are in no sense jurisdictional, and the disciplinary proceedings to follow will be vitiated only upon a finding that "the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure," section 120.68(8), we think it evident that Beckum has failed to demonstrate grounds for Rule 9.100 intervention by this court. He has not shown that "review of the final agency decision would not provide an adequate remedy." Section 120.68(1). We intimate no view of whether or to what extent the hearing officer preliminarily, or this court upon review of final agency action, should examine the record of the probable cause proceedings in search of "some evidence ... that would reasonably indicate that the violations alleged had indeed occurred." Kibler, 418 So.2d at 1084.
The petition for review of non-final administrative action is DENIED.
LARRY G. SMITH and THOMPSON, JJ., concur.