453 So.2d 842 (1984)
Donald J. CARROW, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. AW-454.
District Court of Appeal of Florida, First District.
June 19, 1984.
As Corrected July 19, 1984.
Karen Coolman Amlong of Holmes & Amlong, Fort Lauderdale, for appellant.
Michael I. Schwartz, Gen. Counsel, and William M. Furlow, Atty., Dept. of Professional Regulation, Tallahassee, for appellee.
SMITH, Judge.
Carrow, a licensed medical doctor, petitions for review of a non-final order of the Department refusing to quash an administrative subpoena duces tecum for certain patient records. We deny Carrow's petition because he has failed to demonstrate grounds for immediate, preliminary review by this court. See Rule 9.100, Florida Rules of Appellate Procedure, and Section 120.68(1), Florida Statutes (1983).
In his petition, Carrow complains that the forced production of the records sought would violate his privilege against self-incrimination guaranteed by the United States and Florida Constitutions. Further, he contends that the Department has failed to comply with the requirements of Section 455.225, Florida Statutes (1983), governing the initiation of disciplinary investigations against licensees and thus he is excused from further compliance with Department directives. In particular, he urges that the Department is conducting an invalid investigation since it has failed to inform him of the nature of the complaint against him contrary to Subsection (1) of Section 455.225, which provides that "When an investigation of any person is undertaken, the department shall notify him of the investigation and inform him of the substance of any complaint filed against him."
Carrow relies on this court's decision in Sheppard v. Florida State Board of Dentistry, 369 So.2d 629 (Fla. 1st DCA 1979), in support of his contention that his patient records are privileged and protected by the Fifth Amendment.[1] In response, the Department *843 cites Section 455.241(1) and (2) and Section 458.331(1)(n), Florida Statutes (1983), and contends this case falls within the "required records" exception, The Florida Bar v. White, 384 So.2d 1266 (Fla. 1980); Dr. John Doe, M.D. v. United States, 711 F.2d 1187 (2nd Cir.1983). More importantly, the Department urges that this appeal is premature and that Carrow should be required to wait until the Department seeks enforcement of the subpoena in circuit court, if it does, to raise his claim of constitutional privilege. We agree.
Section 455.223, Florida Statutes (1983), provides that enforcement of Department subpoenas shall be as provided in Section 120.58, Florida Statutes, which in turn provides that enforcement of a subpoena by the agency is by petition to the circuit court. See Section 120.58(3), Florida Statutes (1983). We think that under the facts of this case, the circuit court would be the exclusive forum for enforcement proceedings regarding this administrative subpoena.[2]
Carrow's apprehension that without the court's immediate intervention he will be subjected to disciplinary proceedings for failure to comply with the subpoena pursuant to Section 458.331(1)(x) is unfounded. If he simply refused to comply, without more, he might well have cause for concern. However, Carrow clearly raised justiciable issues concerning the validity of the questioned subpoena duces tecum in his request to the agency under Section 120.58(2) to quash the subpoena, and the Department may not charge him by administrative complaint with failure to comply with the subpoena until it has first sought enforcement in the circuit court under Section 120.58(3), the court has ruled adversely to him, and he has failed to comply with the subpoena within a reasonable period of time thereafter. See The Florida Bar v. White, 384 So.2d at 1268. We agree with the Department's view that State ex rel Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1st DCA 1974), relied upon by appellant, is distinguishable, in that it involved the Board's attempt to subpoena a non-licensed, non-party witness, who could refuse to comply only under pain of being adjudged in contempt of court under a statute then existing.
We have also noted Carrow's argument that since the Department has failed to comply with Section 455.225(1), he should be excused from compliance with the subpoena. As an extension of this argument, Carrow urges this court to order that this present investigation be terminated because the Department has not proceeded in accordance with Section 455.225(1). We have determined that even if Carrow's allegation concerning failure to comply with Section 455.225(1) is true, this error cannot be considered jurisdictional in any sense and Carrow has not demonstrated a need for immediate non-final review at this time. Beckum v. State Department of Professional Regulation, Board of Optometry, 427 So.2d 276 (Fla. 1st DCA 1983). Should it subsequently be shown that this investigation was procedurally irregular, and that any irregularities were material and impaired the fairness of the proceedings, this court upon final review could vitiate the agency action and remand for new proceedings. Section 120.68(8), Florida Statutes (1983). In the meantime, should this investigation lead to a finding of probable cause by a probable cause panel of the Board of Medical Examiners, and an administrative hearing be requested, Carrow may urge to the appointed hearing officer that the administrative complaint should be dismissed for failure to comply with Section 455.225(1).
The petition for review of non-final administrative action is DENIED.
JOANOS and ZEHMER, JJ., concur.
NOTES
[1] We note, although the Department's brief fails to mention it, that after this court decided Sheppard in 1979, the Legislature repealed and re-enacted Chapter 458 adding the language in Section 458.331(1)(n) to the effect that physicians may be disciplined for failing to keep written medical records justifying the course of treatment of the patient including, but not limited to, patient histories, examination results and test results. See Section 458.007(1)(n), Ch. 79-302, Section 1. Section 458.007(1)(n) was renumbered as Section 458.331(1)(n) in the 1979 Florida Statutes.
[2] We note that Section 120.58 was amended by the 1984 legislature in Ch. 84-173, Section 3, and the amended statute became effective during the pendency of this appeal. However, we find nothing in these amendments, even if considered on this appeal, that would affect our disposition.