ALLEN, Judge.
R. Timothy Carter (Carter), an optometrist, appeals a final order of the Board of Optometry (the board), which found him guilty of negligence in the administration of professional services, suspended his license for a period of six months, and assessed a $2,000 administrative fine. Carter’s arguments include contentions (1) that the fine imposed is erroneous as a matter of law, and (2) that the hearing officer and the board erred in denying his motion to dismiss on grounds that the Department of Professional Regulation (the department) and the board had disregarded the time limits in section 455.225, Florida Statutes (Supp.1986). Based upon the department’s concession that the provisions of the relevant statute require the reduction of the fine to an amount not exceeding $1,000, we reverse the fine and remand for reconsideration. We conclude that Carter’s motion to dismiss was properly denied because he failed to show that violations of the section 455.225 time limitations may have impaired the fairness of the proceedings or the correctness of the action and that he may have been prejudiced thereby. Carter’s remaining arguments are without merit and do not require discussion. The discussion which follows relates to Carter’s contention that his motion to dismiss should have been granted.
This administrative proceeding commenced when a former patient filed a complaint against Carter. One of the allegations concerned Carter’s failure to make a direct referral of the patient to an ophthalmologist practicing retinal specialty on September 7, 1982, when Carter examined the patient and concluded that he was probably suffering from a torn or detached retina as a result of an accidental injury to the patient’s left eye four days earlier. After considerable delay by both the department and the board, the department filed an administrative complaint which alleged, among other things, that Carter was negligent, incompetent, or engaged in misconduct in the practice of optometry in violation of section 463.016(l)(g), Florida Statutes, by reason of his negligence in failing to refer the patient to a qualified ophthalmologist for emergency treatment.
Carter requested a formal hearing pursuant to section 120.57, Florida Statutes, and also filed a motion to dismiss the complaint on grounds that the department and the board had violated the time limits contained in section 455.225, Florida Statutes (Supp. 1986), in several respects. Following a hearing on Carter’s motion, the hearing officer denied the motion, ruling that the time limits set out in 455.225(2) and (3) were designed to assure adequate reporting between the department, the board, and the board’s probable cause panel, and that any failure to comply with the time limitations was “not jurisdictional,” absent a showing of prejudice. The ruling granted Carter leave to present evidence at the *80 final hearing that he had been prejudiced by the delays. Following the final hearing, the hearing officer entered a recommended order finding Carter guilty of two counts of the administrative complaint relating to his failure to refer the patient to an ophthalmologist.
In reaching his conclusion, the hearing officer found, largely based upon the testimony of Carter himself, that Carter did not refer the patient to an ophthalmologist on the evening of September 7, 1982; rather, as Carter testified, he simply told the patient to see an ophthalmologist the next morning. The hearing officer found that the standard of care applicable under the circumstances required Carter “to call the ophthalmologist himself that evening and, if the ophthalmologist was not in the office, it would have been appropriate to leave a message explaining the emergency nature of the circumstances.” Regarding Carter’s motion to dismiss the complaint based on the section 455.225 time limits violations, the order recited that, “Although the record reveals that [the department] has not always timely complied with time limits set out in Section 455.225(2) and (3), Florida Statutes, there has been no showing by [Carter] that he was prejudiced by the delays.”
The board entered its final order approving and adopting the findings of fact and conclusions of law in the hearing officer’s recommended order, but reducing the recommended penalty from a two-year suspension to a six-month suspension and reducing the recommended fine from $5,000 to $2,000. Carter has appealed this final order.
Carter argues that the section 455.-225 time limits were violated in at least four respects and that the violations have resulted in the deprivation of his right to constitutional due process because he was hampered in defending against a stale claim. He argues that the hearing officer’s recommended finding that he failed to establish any prejudice from the delays is not supported by competent, substantial evidence because the evidence in the record establishes that he was hampered in his defense of the charges. He points out that he no longer has his original records to use in the defense of the charges because they were subpoenaed from him during civil litigation, and he does not have other records which would aid him in identifying potential witnesses to the events of September 7, 1982. He also asserts that the prolonged delay in filing and prosecuting the charged violations affected the complaining patient’s ability to recall various events. As a result, Carter argues, the delay in hearing the charges deprived him of a fair hearing.
Responding to these arguments, the department contends that Carter misunderstands the purpose and intent of section 455.225. Subsections 455.225(2) and (3), the department argues, were only intended to provide for adequate reporting between the department, the board, and the probable cause panel. The department also argues that, in any event, Carter could not have been prejudiced because he did not dispute the central finding of fact: that he did not immediately refer the patient to an ophthalmologist the night that he saw him. The department also points out that Carter did not claim any inability to recall the details of the incident.
We agree with Carter that the time limits set forth in section 455.225, Florida Statutes (Supp.1986), have far more significance in according rights to a licensee such as Carter than has been attributed by the hearing officer, the department, and the board. The direction in subsection 455.-225(2) that the department “expeditiously investigate complaints” is not an idle recitation, but a directive to act promptly for the protection of the public as well as to assure timely due process to the licensee. And we must assume that the legislature used the words “time limit” in subsection 455.225(3) advisedly to communicate clear legislative intent that complaints against licensed professionals regulated by the department and its boards should be expeditiously processed without unjustifiable delay. This expeditious handling of complaints serves to protect the public from potential harm or injury caused by viola *81 tions of the law and standards governing the professional’s practice. Of course, these time limits also accord to the licensee complained against the right to a speedy determination of the matters giving rise to the complaint and provide protection against the potential prejudice that flows from unreasonable delays, such as loss of documents, unavailability of witnesses, and fading memories.
Thus, we decline to treat violations of the time limits in subsections 455.225(2) and (3) as mere technicalities having no significance on the affected licensee. We reject the argument that the time constraints in those subsections are intended merely to facilitate communication and reporting between the department and its boards. Accordingly, we disapprove the interpretation of the purpose and intent of those statutory time limits made by the hearing officer.
The time limits specified in subsections 455.255(2) and (3) may be enforced by writ of mandamus to the offending board or the department. Department of Business Regulation v. Hyman, 417 So.2d 671 (Fla.1982); Lomelo v. Mayo, 204 So.2d 550 (Fla. 1st DCA 1967). However, mandamus is not the exclusive remedy for such violations, and failure to seek mandamus does not necessarily constitute a conclusive waiver of violations of these time limits. An aggrieved licensee may resort to other appropriate means in challenging the violation of the time limits in section 455.225 by the department or a board. Cf. Hyman; G & B of Jacksonville, Inc. v. State, Department of Business Regulation, 362 So.2d 951 (Fla. 1st DCA 1978), appeal dismissed, 372 So.2d 468 (Fla.1979). Carter’s timely filed motion to dismiss in response to the department’s administrative complaint was an appropriate method to challenge violations of the section 455.225 time limits in this case.
We decline, however, to treat violations of section 455.225 time limits as requiring dismissal of the complaint or voiding of the order as a matter of law. Rather, we hold that the licensee, as the moving party, has the burden to establish a basis for dismissal by showing (1) that the board or department has violated the time limits in section 455.225, and (2) that the consequent delays may have impaired the fairness of the proceedings or the correctness of the action and may have prejudiced the licensee. In so holding, we follow the analysis used by the supreme court in Department of Business Regulation v. Hyman in respect to violations of the 90-day requirement in section 120.59(1). The policy reasons for the holding in Hyman apply with equal force in the case at bar. There, as here, the legislature had specified no sanction for agency noncompliance with a statutory time limitation. The supreme court explained in Hyman that, under such circumstances, the statutory time requirement must be read in conjunction with section 120.68(8), which the supreme court characterized as “the harmless error rule for agency action.” As a condition precedent to relief because of an agency’s failure to follow prescribed procedure, Section 120.68(8) requires a finding that such failure may have impaired “either the fairness of the proceedings or the correctness of the action.”
Carter established that the department and the board violated the section 455.225 time limitations. But, because he failed to demonstrate that the delays may have impaired the fairness of the proceedings or the correctness of the action and may have prejudiced him, Carter was not entitled to dismissal of the administrative complaint. In his testimony, Carter acknowledged that he recalled the events of September 7, 1982, and he acknowledged that he did not refer the patient to an ophthalmologist on that evening. In light of the fact that the findings of guilt were based upon this omission, which Carter fully admitted, the hearing officer could only have concluded that Carter was not prejudiced by the delays. Accordingly, we conclude that the hearing officer and the board were correct in denying Carter’s motion to dismiss.
Because we consider the question we decide to be of great public importance, we certify the following question to the supreme court:
*82 Whether the decision in Department of Business Regulation v. Hyman, 417 So.2d 671 (Fla.1982), should be applied when a licensee moves to dismiss an administrative complaint because the department or a board has failed to comply with the time limitations of section 455.-225, Florida Statutes?
The $2,000 administrative fine is reversed and this cause is remanded for reconsideration of the fine. If a new fine is imposed, it shall not exceed $1,000. In all other respects, the order under review is affirmed.
MINER, J., concurs.
ZEHMER, J., dissents with opinion.