SMITH, Judge.
Dr. Nathanson appeals an order of the Department denying his amended motion to quash subpoena and amended request for formal administrative hearing. For the reasons expressed below, we find that Dr. Nathanson has sought review of a nonap-pealable order and that he is required to make his arguments regarding the validity of the subpoena in circuit court.
Dr. Nathanson received a letter advising him that the Division was “performing” a utilization review of the care he provided to six claimants listed on an attachment. See § 440.13(4)(h) and (i), Florida Statutes (1991). The letter requested complete copies of his medical records concerning the listed claimants. Receiving no response from Dr. Nathanson, the Department served him with a subpoena duces tecum. Nathanson filed a motion to quash the subpoena and a request for an administrative hearing. Instead of acting on the motion, however, the Department filed an enforcement action in circuit court to compel compliance with the subpoena. After a hearing, and in apparent reliance on section 120.58(2), Florida Statutes, (1991), the circuit court dismissed the action on the grounds that the Department was required to act on the motion to quash and an administrative hearing should be held to determine the disputed facts.
In the meantime, Nathanson filed an amended motion to quash the subpoena and an amended request for formal administrative hearing pursuant to section 120.57(1), Florida Statutes (1991). In his motion, Dr. Nathanson objected to production of his patient records on constitutional and other grounds, and alleged that there were disputed factual issues pertaining to the Department’s compliance with its own rules relating to the initiation of utilization reviews. Without granting a hearing, the Department denied the motion. Dr. Na-thanson appealed.
Section 120.58, Florida Statutes (1991) provides in pertinent part:
(2) Any person subject to a subpoena may, before compliance and on timely petition, request the agency or hearing officer having jurisdiction of the dispute to invalidate the subpoena on the ground that it was not lawfully issued, is unreasonably broad in scope, or requires the production of irrelevant material, but the decision of the agency or hearing officer on any such request shall not be proposed agency action governed by s. 120.-57.
(3) A party may seek enforcement of a subpoena, order directing discovery, or order imposing sanctions issued under the authority of this act by filing a petition for enforcement in the circuit court
[[Image here]]
*1068 It is our view that under the circumstances of this case, the parties are required to proceed under section 120.58. Although utilization review by the Division is exempt from Chapter 120 under section 440.13(4)(i)l., we construe this exemption as only applying to the utilization review process itself. Although the Division’s letter to Dr. Nathanson recites that the Division is “performing” a utilization review, it is clear that the letter was a mere preliminary step by the Division in contemplation of or preparation for utilization review. Section 440.20(16)(b)(2) gives the Division subpoena power to perform its investigations. As this is an investigative stage preliminary to utilization review, section 120.58 applies.
The Department contends that in entering the order denying Dr. Nathan-son’s motion, it acted pursuant to section 120.58(2), determining that (1) the Division had the authority to issue a subpoena; (2) the subpoena was not unreasonably broad; and (3) the subpoena did not seek documents irrelevant to its utilization investigation. The Department contends that it was not required to hold an evidentiary hearing before entering an order and that nothing in section 120.58(2) requires a particular kind of hearing on a request to invalidate a subpoena. We agree.
We acknowledge language in the circuit court’s order which could be construed as requiring a hearing. However, considering the context of .the arguments made before the circuit court, it is our view that the circuit court intended to order the Department to act on Dr. Nathanson’s motion pursuant to the requirements of section 120.58(2), which the Department did. Accordingly, the further language of the circuit court’s order alluding to a fact-finding administrative hearing should be regarded as mere surplusage.
We reject the argument made by Dr. Nathanson that he is entitled to a full formal administrative hearing under section 120.57(1) to challenge the Department’s subpoena. Section 120.57(4) clearly provides that section 120.57 is not applicable to investigative proceedings. Moreover, section 120.58(2) provides that the decision of the agency on a motion to quash will not be proposed agency action governed by section 120.57. Accordingly, we agree that neither Chapter 120 nor the order of the circuit court compelled a section 120.57(1) hearing.
As we did in Carrow v. Department of Professional Regulation, 453 So.2d 842 (Fla. 1st DCA 1984) we conclude that this appeal is premature and that, at present, the circuit court is the exclusive forum for an enforcement proceeding regarding this administrative subpoena.[1]
APPEAL DISMISSED.
BARFIELD and MICKLE, JJ., concur.

. We have been advised by the parties that a second enforcement action has been filed in circuit court and that the circuit court has entered an order holding that action in abeyance pending the decision of this court.