633 So.2d 3 (1994)
R. Timothy CARTER, O.D., Petitioner,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF OPTOMETRY, Respondent.
No. 81249.
Supreme Court of Florida.
January 20, 1994.
Rehearing Denied March 15, 1994.
*4 Gary J. Anton of Stowell, Anton & Kraemer, Tallahassee, for petitioner.
Lisa S. Nelson, Asst. General Counsel and Kathryn L. Kasprzak, Staff Atty., Tallahassee, for respondent.
KOGAN, Justice.
We have for review Carter v. Department of Professional Regulation, 613 So.2d 78 (Fla. 1st DCA 1993), in which the district court certified the following question as one of great public importance:
WHETHER THE DECISION IN DEPARTMENT OF BUSINESS REGULATION V. HYMAN, 417 So.2d 671 (FLA. 1982), SHOULD BE APPLIED WHEN A LICENSEE MOVES TO DISMISS AN ADMINISTRATIVE COMPLAINT BECAUSE THE DEPARTMENT OR A BOARD HAS FAILED TO COMPLY WITH THE TIME LIMITATIONS OF SECTION 455.225, FLORIDA STATUTES.
Carter, 613 So.2d at 82. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
On September 7, 1982, Timothy Carter, an optometrist, examined a patient for an injury the patient received to his eye. Although the examination revealed the patient was likely suffering from a detached retina, Carter failed to immediately refer the patient to a retinal specialist. On May 13, 1986, the patient filed a complaint against Carter alleging that the doctor's failure to provide a direct referral resulted in the eventual and permanent loss of sight in his left eye. The Department of Professional Regulation (the Department) began an investigation of the complaint and, after considerable delay, filed an administrative complaint against Carter on February 16, 1988.
In response to the administrative complaint, Carter requested a formal hearing pursuant to section 120.57, Florida Statutes (1987). He also filed a motion to dismiss the complaint on the grounds that the Department and the Board of Optometry (the Board) failed to comply with the time limits contained in section 455.225, Florida Statutes (Supp. 1986). Specifically, Carter claimed that the Department, which completed its investigation in ten months, did not "expeditiously investigate" the patient complaint in accordance with section 455.225(2). Carter also contended that the Department and the Board's probable cause panel violated section 455.225(3),[1] by failing to make requests for *5 additional investigative information within fifteen days of receiving the investigative report, failing to make a probable cause determination within thirty days of receiving the report, and failing to refer the administrative complaint to the Board within a year.
The hearing officer ruled that the time limits set out in section 455.225 were designed merely to assure adequate reporting between the administrative bodies and that unless Carter could demonstrate that he was prejudiced by the delays he was not entitled to dismissal. After a final hearing, the hearing officer entered a recommended order finding Carter guilty on two counts of the administrative complaint relating to his failure to refer the patient to a specialist. The hearing officer also found that Carter had not shown that he was prejudiced by the delays. The Board entered its final order approving and adopting the hearing officer's findings of fact and conclusions of law, but reduced the recommended penalty and fine.
Carter appealed the final order, claiming that the section 455.225 violations deprived him of due process because he was forced to defend against a stale claim. The district court rejected the contention that the time limits in section 455.225 were only intended to ensure adequate communication and reporting among the various administrative bodies. Rather, the district court concluded that the statutory time limits constituted "directive[s] to act promptly for the protection of the public as well as to assure timely due process to the licensee." Carter, 613 So.2d at 80. The court explained that
[t]his expeditious handling of complaints serves to protect the public from potential harm or injury caused by violations of the law and standards governing the professional's practice. Of course, these time limits also accord to the licensee complained against the right to a speedy determination of the matters giving rise to the complaint and provide protection against the potential prejudice that flows from unreasonable delays, such as loss of documents, unavailability of witnesses, and fading memories.
Id. at 80-81. Despite the fact that the section 455.225 time limits accord significant rights to the licensee, the district court held that the failure to comply with the time limits did not require dismissal of the complaint as a matter of law.
Following our decision in Department of Business Regulation v. Hyman, 417 So.2d 671 (Fla. 1982), the court concluded that to obtain dismissal a licensee must show (1) a violation of the time limits in section 455.225, and (2) that the resulting delay may have impaired the fairness of the proceedings or the correctness of the action and may have prejudiced the licensee. Although Carter had established that the department violated the statutory time limits, he had not proven that the delay prejudiced him in any way. Thus, the district court held that Carter was not entitled to dismissal. 613 So.2d at 81. For the reasons set forth below we agree that Hyman provides the appropriate standard for reviewing the section 455.225 time violations that occurred in this case.
In Hyman, this Court employed the harmless error rule, set forth in section 120.68(8), Florida Statutes, (1979),[2] to review an agency's failure to render a final order within ninety days after the conclusion of a hearing, in accordance with section 120.59(1)(a), Florida Statutes (1979). After reviewing other statutory provisions that provide sanctions for an agency's failure to comply with prescribed time limits, we concluded that the harmless error rule for agency action was properly applied to violations of statutory time limits where no sanctions were expressly provided. We reasoned that if the Legislature had intended that untimely orders always be unenforceable, it would have included the necessary language in the statute.
We agree with the district court that "[t]he policy reasons for the holding in Hyman *6 apply with equal force in the case at bar." 613 So.2d at 81. Like the section 120.59(1)(a) time limit violated in Hyman, the section 455.225 time requirements at issue in this case are not accompanied by any sanctions for noncompliance. Consistent with our reasoning in Hyman, we believe that if the Legislature had intended the dismissal of administrative complaints in actions in which the Department or Board acted outside the time limits of section 455.225, the Legislature would have expressly included a sanction of dismissal within the statute.
Moreover, courts have consistently applied the harmless error rule when reviewing agency action resulting from a procedural error. See Peoples Bank of Indian River County v. Department of Banking and Finance, 395 So.2d 521 (Fla. 1981) (section 120.68(8) harmless error rule applied to agency's improper consideration of data outside the record in deciding whether statutory criteria necessary for banking license had been met); Polk v. School Board of Polk County, 373 So.2d 960, 962 (Fla. 2d DCA 1979) (applying section 120.68(8) to agency's failure to prepare economic impact statement prior to adoption of rule in accordance with section 120.54(2)); School Board of Broward County v. Gramith, 375 So.2d 340, 340-41 (Fla. 1st DCA 1979) (applying section 120.68(8) before invalidating agency action on grounds that it violated provision of chapter 120). Section 120.68(8) also has been applied to review noncompliance with procedures prescribed by chapter 455. Carrow v. Department of Professional Regulation, 453 So.2d 842 (Fla. 1st DCA 1984) (agency's failure to inform doctor of nature of complaint against him pursuant to section 455.225(1) was subject to harmless error rule); Beckum v. Department of Professional Regulation, 427 So.2d 276 (Fla. 1st DCA 1983) (probable cause panel's failure to record its proceedings as required by section 455.203(7) was subject to review pursuant to section 120.68(8)).
Carter contends that because section 455.225 contains implicit sanctions Hyman should not apply. In particular, Carter argues that both the Department and the probable cause panel lost the power to act once the prescribed time limits expired. Carter, however, fails to recognize that jurisdiction is not acquired and then lost by administrative bodies during various phases of the disciplinary process. We acknowledge that the time limit within which an agency must commence disciplinary proceedings may be jurisdictional. See Edgerton v. International Co., 89 So.2d 488 (Fla. 1956) (Hotel and Restaurant Commission lacked jurisdiction to initiate disciplinary proceeding because it did not do so within statutory time limit). We, however, cannot agree with Carter's contention that time limits such as those of section 455.225 that shift responsibility throughout the disciplinary process also are jurisdictional. Carter's interpretation of the statute does not take into account the ongoing nature of the disciplinary process. According to Carter's interpretation, once the Department sends the case to the probable cause panel it is precluded from making any further investigation because it lacks the necessary jurisdiction. Application of the harmless error rule to violations of procedural requirements such as the time limits contained in chapter 455 provides more rational results. See Carrow, 453 So.2d 842 (agency's failure to comply with section 455.225(1) was not a jurisdictional error, but was subject to harmless error rule); Beckum, 427 So.2d 276 (probable cause panel's failure to comply with section 455.203(7) was not a jurisdictional error, but was subject to review pursuant to section 120.68(8)).
In addition to the case law, there is language in the statute itself that demonstrates the section 120.68(8) harmless error rule should be applied in this case. Section 455.225 indicates that judicial review of agency action taken pursuant to the statute is to be conducted in accordance with the provisions of section 120.68. Specifically, section 455.225(6), Florida Statutes (Supp. 1986),[3] provides that "[t]he department shall have standing to seek judicial review of any final order of the Board, pursuant to s. 120.68." While this section refers to appeals by the Department, it is only logical to assume that the same review is to be afforded a licensee.
*7 Carter alternatively claims that if the Court decides the harmless error rule applies, the Department should bear the burden of proving that its actions did not prejudice the licensee. Although such an interpretation might encourage compliance with the statutory time limits, it would require the Department to prove the negative. We believe the burden is properly placed on the licensee because it is the licensee who is best equipped to identify the harm caused by the delay.
Accordingly, we approve the decision below and hold that section 455.225, which does not provide specific sanctions for noncompliance with its time requirements, falls within the purview of the section 120.68(8) harmless error rule.[4]
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
NOTES
[1] Section 455.225(3), Florida Statutes (Supp. 1986), recodified as section 455.225(4), Florida Statutes (1991), provides in pertinent part:

A request for additional investigative information shall be made within 15 days from the date of receipt by the probable cause panel of the investigative report of the department. The probable cause panel or the department, as may be appropriate, shall make its determination of probable cause within 30 days after receipt by it of the final investigative report of the department. The secretary may grant extensions of the 15-day and 30-day time limits... . The department shall also refer to the board any investigation or disciplinary proceeding not before the Division of Administrative Hearings pursuant to chapter 120 or otherwise completed by the department within 1 year of the filing of a complaint.
[2] Section 120.68(8) provides in part:

The court shall remand the case for further agency action if it finds that either the fairness of the proceeding or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.
[3] Currently section 455.225(7), Florida Statutes (1993).
[4] We recognize that the Department and the Board clearly violated the section 455.225 time limits and that no adequate justification for the violations was provided. Therefore, we suggest that the Legislature may wish to consider amending the statute to include express sanctions for noncompliance. Such sanctions would encourage future compliance with section 455.225 and, thereby, avoid disciplinary proceedings that may appear unfair to the licensee.