# Third District Court of Appeal

## State of Florida

Opinion filed September 25, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1795
Lower Tribunal No. DOAH 21-3652, Final Order No. 22-0040

_____

**Robert C. Cava, M.D., etc.,**
Appellant,

vs.

**State of Florida, Department of Management Services,
Division of State Group Insurance,**
Appellee.


An Appeal from the State of Florida, Department of Management Services.

Twig, Trade & Tribunal, PLLC and Morgan L. Weinstein (Ft. Lauderdale), for appellant.

Erica Denise Moore, Senior Counsel, and Olorunfunmi O. Ojetayo, Deputy General Counsel (Tallahassee), for appellee.


Before EMAS, SCALES and LOBREE, JJ.

PER CURIAM.

Robert C. Cava, M.D., on behalf of his patient, appeals a final order of

the Florida Department of Management Services, Division of State Group Health Insurance (together, the "Department"), denying Dr. Cava's request for insurance coverage for the prescription drug Xeljanz as treatment for his patient's alopecia areata. We are compelled to affirm.

After no prior treatment measures were effective in addressing his patient's alopecia areata, Dr. Cava prescribed Xeljanz to treat the condition. The patient's insurer, the State Employees' PPO Plan with Blue Cross and Blue Shield of Florida, Inc., which includes the State Employees' Prescription Drug Program (together, the "Plan"), denied coverage for the medication as a treatment for alopecia areata. Clinical appeals through the Plan's pharmacy benefit manager, CVS Caremark, and an independent peer review were unsuccessful in reversing the denial of coverage, and Dr. Cava petitioned the Division of Administrative Hearings for a formal administrative hearing before an administrative law judge ("ALJ").

At the hearing, Dr. Cava presented testimony from himself, his patient, and his patient's spouse. The Department presented testimony of the physician from CVS Caremark who conducted Dr. Cava's level 1 clinical review, the physician executive medical director for clinical strategy for CVS Caremark, and the registered nurse at the Division of State Group Insurance who conducted Dr. Cava's level II clinical review. The ALJ also admitted

2

numerous exhibits from the parties, including publications from medical journals relevant to the issue at hand. The ALJ then issued an extensive recommended order containing findings of fact and conclusions of law and recommending that the Department deny the request for coverage for Xeljanz for the treatment of alopecia areata because the Department sufficiently demonstrated that certain coverage exclusions under the Plan applied to Dr. Cava's claim. Specifically, the ALJ concluded that under the terms of the Plan, Xeljanz as a treatment for alopecia areata was not "Medically Necessary," and was, by the Plan's definition, excluded from coverage as "Experimental or Investigational." Dr. Cava filed exceptions to the recommended order. In a final order, the Secretary of the Department of Management Services denied Dr. Cava's exceptions, adopted and incorporated the ALJ's findings of fact and conclusions of law, and denied Dr. Cava's request for coverage for Xeljanz as a covered treatment for his patient's condition. This appeal followed.

"[A] reviewing court may set aside agency action when it finds that the action is dependent on findings of fact that are not supported by substantial competent evidence in the record, there are material errors in procedure, incorrect interpretations of law, or the agency abused its discretion." Galvan v. Dep't of Health, 285 So. 3d 975, 979 (Fla. 3d DCA 2019); see §

3

120.68(7)(b)-(e), Fla. Stat. (2022). Here, Dr. Cava contends that this court must set aside the final order because it is based on erroneous interpretations of law and material errors in procedure committed by the ALJ. We review questions of law, including agency interpretation and construction of statutory provisions, de novo. Mattino v. City of Marathon, 345 So. 3d 939, 943 (Fla. 3d DCA 2022). Claims of material error in procedure in an agency proceeding are reviewed for harmless error. See Hale v. State Bd. of Admin., 360 So. 3d 817, 821–22 (Fla. 1st DCA 2023); Carter v. Dep't of Pro. Regul., Bd. of Optometry, 633 So. 2d 3, 5 (Fla. 1994).

Based on a careful review of the record, we conclude that Dr. Cava has not shown that "[t]he fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure . . . ." § 120.68(7)(c), Fla. Stat. Nor do we find, based on our de novo review of alleged errors in statutory interpretation and application, that the Department erred in its interpretations of law and legal conclusions. § 120.68(7)(d), Fla. Stat. Finding no ground upon which to set aside the final order under section 120.68(7), we therefore affirm the final order on review. See Robinson v. Comm'n on Ethics, 242 So. 3d 467, 471 (Fla. 1st DCA 2018) (stating that "pursuant to section 120.68(8), the order must be affirmed '[u]nless the court finds a ground for setting aside, modifying, remanding, or ordering agency

4

action or ancillary relief under a specified provision of [section 120.68].'" (quoting § 120.68(8), Fla. Stat.)).

Affirmed.