ERVIN, Chief Judge,
dissenting.
I respectfully dissent. Although the final order of the Unemployment Appeals Commission contains inconsistent language in stating that the appeals referee exceeded his authority when he conducted a hearing de novo and entered a second decision, therefore requiring that the decision be quashed, the Commission’s order holds that the first decision must nevertheless be reversed on the ground that it was not supported by the record before the Commission and probably was not supported by the record of the prior proceeding either, which inexplicably had been destroyed. The bottom line is, of course, that the referee’s second recommended order was ultimately upheld. In its first order remanding the case for further proceedings, the Commission “found that the tape recording of the testimony presented before the referee is defective. In the absence of the complete record of the proceedings below, we are unable to judge whether the decision of the appeals referee is supported by the evidence in the record and is in accord with the essential requirements of law.” The Commission thereupon directed the referee to conduct “such further proceedings as are necessary to perfect the record.” (e.s.) Given the rather open-ended language contained in the Commission’s first order, the appeals referee obviously, and I think logically, concluded that the Commission provided him the option, among others, to conduct a de novo hearing.[1]
In that the Commission ultimately accepted the recommended conclusion of the appeals referee, despite its otherwise inconsistent statements, I would apply the harmless error rule to the case at bar on the ground that neither the fairness of the proceedings nor the correctness of the action was impaired by material error in procedure or a failure to follow prescribed procedure. Section 120.68(8), Florida Statutes. See also Department of Business Regulation, Division, of Pari-Mutual Wagering, v. Hyman, 417 So.2d 671, 673 (Fla.1982).
The only additional question is whether appellant was prejudiced by the procedure followed by the referee on remand. First, appellant, unrepresented by counsel, made no objection to the referee’s determination to proceed de novo. The only real question of any substance is whether appellant was deprived of its right to a full and fair cross-examination of appellee, due to the referee’s ruling prohibiting the use or introduction into evidence of appellant’s own tape recording of appellee’s testimony from the original proceeding, which purportedly was inconsistent with appellee’s testimony *972 at the second hearing. Counsel for appel-lee objected to the attempted method of impeachment on the ground that he had no record of the prior questions that were asked, and the referee sustained his objection, stating that the tape recording of the prior testimony was partially inaudible. In my judgment, the referee’s ruling, implicitly sustained by the Commission, was a proper exercise of his discretion. Although the Florida Code of Evidence has not been adopted by the Administrative Procedure Act (APA), I cannot believe that the evidence sought to be introduced is the type contemplated by the Act to be admissible.
Section 120.58(l)(a), Florida Statutes, provides, “Irrelevant, immaterial, or unduly repetitious evidence shall be excluded, but all other evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida.” (e.s.) The Model Rules of Procedure of the Administration Commission, specifically Florida Administrative Code Rule 28-5.25(6)(c), similarly permit the admission of “[a]ny relevant evidence ... if it is the sort of evidence on which reasonable prudent men are accustomed to rely in the conduct of their affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence over objection in civil action....” In my view the impeachment of a party’s testimony by means of an incomplete tape recording is not that sort of evidence which is commonly relied upon by reasonably prudent persons in the conduct of their affairs; consequently even under the APA’s more relaxed standards regarding the receipt of evidence, a partially inaudible recording would still be considered inadmissible.
The Florida Evidence Code — while not as stated controlling — provides persuasive authority for this conclusion. Section 90.108 requires that “[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously.” Additionally, Florida Rules of Civil Procedure 1.330(b) and 1.340(b) provide that when portions of depositions and interrogatories are not altered by a party, an adverse party may require the introduction of any part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts. Accord American Motors Corp. v. Ellis, 403 So.2d 459 (Fla. 5th DCA 1981). Indeed, the general rule is that “[wjhere, for impeachment purposes, a portion of a statement previously made by a witness and apparently inconsistent with his present testimony is introduced, the entire statement is admissible in rebuttal.” 98 C.J.S. Witnesses § 622 (1957). In the instant case, it would have been impossible to introduce appellee’s entire testimony from the earlier hearing for the purpose of rebutting the impeaching effect of any pri- or inconsistency for the simple reason that parts of it were inaudible.
Appellant did not request the opportunity to impeach appellant’s testimony by other means, such as by “[pjroof by other witnesses that material facts are not as testified to by the witness being impeached.” Section 90.608(l)(e). No doubt the major difficulty appellant had in marshalling its defenses at the second hearing was caused by its lack of representation. Yet this was a risk that appellant knowingly assumed. The fact of unrepresentation, under the circumstances, is hardly a ground for yet another hearing.
Because I consider that it would be improper for appellant to be allowed the use of a partial tape recording of appellee’s prior testimony for the purpose of impeachment, I fail to see any requirement for a third evidentiary hearing. I would therefore affirm.

. Clearly the Commission possesses the authority to order a second de novo hearing. The Commission may review the findings and conclusions of the appeals referee either "on the basis of the evidence previously submitted in such case, or upon the basis of such additional evidence as it may direct to be taken_” Section 443.151(4)(c), Fla.Stat. (e.s.).