PER CURIAM.
Joseph Benoit was seriously injured in 1995 in a compensable accident while employed by the City of Hollywood. Since that time, he has received workers’ compensation benefits, including treatment by Paul Wand, M.D., and services provided by the Biseayne Institute and its director, Dr. Marie DiCowden. In 1999, the employer/carrier conducted a utilization review in accordance with section 440.13(6), Florida Statutes, and began disallowing payment of the bills submitted by Dr. Wand and by the Biseayne Institute. The Institute requested resolution of the disputes in accordance with section 440.13(7), Florida Statutes, although apparently Dr. Wand did not. To date, the disputes remain pending before the Agency for Health Care Administration (AHCA).
The employer/carrier petition this Court for a writ of mandamus to compel AHCA to promptly resolve the matters pending before it as described above, relying on section 440.13(7)(e), which provides:
Within 60 days after receipt of all documentation, the agency must provide to the petitioner, the carrier, and the affected parties a written determination of whether the carrier properly adjusted or disallowed payment. The agency must be guided by standards and policies set forth in this chapter, including all applicable reimbursement schedules, in rendering its determination.
Petitioners also ask this Court to compel AHCA to take action against Dr. Wand and the Biseayne Institute in accordance with sections 440.13(8) and 440.13(11).
We grant the petition insofar as it relates to AHCA’s failure to act in a timely manner on the dispute between the em~ ployer/earrier and the Biseayne Institute as contemplated by section 440.13(7)(c). See Department of Business Regulation, Division of Pari-Mutuel Wagering v. Hy-
man, 417 So.2d 671 (Fla.1982). If AHCA has the information necessary to resolve the disputes, it shall do so within 60 days of date of issuance of mandate in this cause. If the agency does not have all the information needed, it shall promptly notify the parties so that the pertinent documents may be submitted and the entire matter resolved in a timely fashion.
With regard to agency action under section 440.13(8) or 440.13(11), or both, we agree with AHCA that these are matters which are within its discretion. The employer/carrier may not compel the agency to undertake actions in accordance with those statutory subsections. We accordingly deny the petition for writ of mandamus to the extent it requests this Court to compel AHCA to initiate proceedings pursuant to sections 440.13(8) and 440.13(11), Florida Statutes.
PETITION GRANTED in part and DENIED in part.
BROWNING, LEWIS and POLSTON, JJ., concur.