ERVIN, J.
Dale Ames, an instructor on continuing contract with the District Board of Trustees, Lake City Community College (Board or LCCC), appeals a final order which found that Ames had resigned his position, and therefore was not entitled to medical leave or other related benefits. LCCC alternatively ruled that even if Ames had not resigned, the Board’s termination of his employment, based on evidence that he would be unable to continue performing his duties for the 2002-2003 school year, was appropriate because Ames’ incapacity to teach constituted a good and sufficient reason for termination. Although we agree with appellant that competent and substantial evidence is lacking to support the Board’s finding that Ames resigned his instructional position, we nonetheless affirm the order based on sufficient evidence undergirding the alternative finding.
Appellant argues that if it is determined he did not resign his position, this court must reverse the order because the Board failed to comply with the procedural provisions of Florida Administrative Code Rule 6A-14.0411(4), requiring the Board to notify a contract employee no less than seven days before the college president makes a written recommendation to the Board that the employee be dismissed, and if the Board follows the recommendation, it must file a dismissal petition against the employee and grant him or her a chapter 120 *1143 hearing. Appellant points out that the president of LCCC did not give the required notice to the Board by the April deadline specified in the rule, or institute an administrative proceeding; therefore, if it is decided that appellant did not resign, Ames’ contract must be considered automatically renewed, and the only remaining issue to be resolved is the amount of medical leave benefits for which he is entitled. We cannot agree.
In order to explain our position sufficiently, a brief explanation of the facts follows. Shortly after the beginning of the spring semester in 2002, Ames offered to resign with a payout of all of his accumulated sick leave (708 hours, representing approximately $25,000), but the college refused, believing it was only required to pay him ten days of sick leave. The parties continued their negotiations without success until finally, on May 6, and May 29, 2002, the president of the college, Dr. Charles W. Hall, sent a letter to Ames advising him that because Ames had stated he could not perform the duties required of his position, the college would treat his employment terminated as of the end of the spring semester.
Ames thereafter asserted his right to apply for medical leave under the Family and Medical Leave Act of 1993 and/or the LCCC policy. When the college did not respond, Ames filed an administrative complaint against LCCC, claiming that the college had terminated him without following the procedures required by Florida Administrative Code Rule 6A-14.0411, and that his substantial interests had been affected by the college’s action. Taking the position that subsection (5) of the administrative rule permitted the Board to refuse the renewal of a continuing-contract employee who lacks the capacity to meet the educational needs of the community, the Board dismissed the complaint, resulting in Ames’ appeal of the dismissal to this court. In reversing the order and remanding the case for an administrative hearing, we directed the Board to allow Ames to show why he considered he should not have been terminated, but instead should have been allowed medical leave, and for the “Board ... thereafter [to] present evidence showing either that Ames resigned or that its termination was appropriate.” Ames v. Dist. Bd. of Trs., 863 So.2d 1275 (Fla. 1st DCA 2004). The Board’s order after our remand is the subject of the current appeal.
In seeking reversal of the Board’s alternative finding that it properly terminated Ames because of his inability to perform instructional duties after the end of the 2001-2002 school year, appellant does not argue that such finding was not supported by competent, substantial evidence, only that the Board erred in so doing by failing to follow the procedure outlined in rule 6A-14.0411(4). Ames asserts that had the Board given him the required notice of its intent not to renew him by the deadline provided in the rule, he “could have his request for leave heard by the Board or to contest his termination.” Ames continues that notwithstanding the fact he was ultimately allowed a hearing as a result of this court’s mandate, the Board’s failure to follow prescribed procedure mandates reversal.
This argument overlooks a cardinal principle of review under the Administrative Procedural Act (APA), permitting reversal only on a showing of “material error in procedure or a failure to follow prescribed procedure.” § 120.68(7)(e), Fla. Stat. (2002). This provision has been characterized as the APA’s version of the harmless error rule. See Dep’t of Bus. Regulation v. Hyman, 417 So.2d 671, 673 (Fla.1982). Appellant’s claim that a hearing pursuant to the administrative rule may have accorded him relief overlooks the ineluctable fact that he received such a *1144 hearing, which, while not complying with the procedural requirements of the rule, nonetheless gave him substantially the same opportunity to present evidence on his asserted entitlement to paid leave as he would have received had the Board itself filed the petition and noticed the dispute for hearing. Thus, the Board’s failure to comply with the procedural requirements of the rule must be considered at most harmless error.
An even more compelling reason for af-firmance is that our decision allowed the Board to offer “evidence showing either that Ames resigned or that his termination was appropriate.” As a result, upon the issuance of our mandate, the parties were obliged to follow our directions. Thereafter, on remand, the Board justified its dismissal of Ames due to his physical incapacity to perform his duties as an instructor for the 2002-2003 school year, and, because competent, substantial evidence supports such determination, the order is
AFFIRMED.[1]
WOLF and WEBSTER, JJ., concur.

. In reaching our decision, we observe we are not confronted with any issue of whether Ames’ dismissal because of an incapacitating condition was a violation of any other provision of law. Cf. Sch. Bd. of Nassau County, Fla. v. Arline, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987).